UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
                                                                                                   :
PAULA BELL,                                                          :
                                       Plaintiff,             :
                                                                        :                 19 Civ. 8153 (LGS)
                             -against-                             :
                                                                        :                 <u>OPINION AND ORDER</u>
SL GREEN REALTY CORP., et al.,                   :
                                               Defendants.    :
                                                                        :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

       Pro se Plaintiff Paula Bell filed suit against her former employers -- Defendants SL Green Realty Corp. ("SL Green") and First Quality Maintenance -- and union Defendant Local 32BJ (the "Union"), alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the New York State Human Rights Law, Executive Law section 290 *et seq.* ("NYSHRL") and the New York City Administrative Code section 8-101 *et seq.* ("NYCHRL"). Defendant First Quality Maintenance was dismissed for failure to prosecute. *See* Order dated July 21, 2020, at Dkt. No. 62. The remaining Defendants each move to dismiss the claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6). The motions are unopposed. SL Green's motion is granted in part and denied in part. The Union's motion is granted.

**I.     BACKGROUND**

       The following facts are taken from the Complaint and its attachments -- letters by other SL Green employees and Plaintiff -- and Plaintiff's letter filed on or before June 15, 2020, which the Court construes together as the Complaint per the Order dated May 8, 2020. *See* Dkt. No. 46. The allegations are accepted as true and construed in the light most favorable to Plaintiff. *See Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d 719, 725 (2d Cir. 2017). Pertinent

facts are also drawn from documents referenced in the Complaint and relied on by Plaintiff in bringing suit, and matters of which judicial notice may be taken, which may be considered without converting the instant motion to dismiss into a motion for summary judgment. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).

Plaintiff, a former shop steward for the Union and employee of SL Green, was discharged on November 17, 2015. Plaintiff alleges that she was fired for being Hispanic. A November 13, 2015, statement signed by an SL Green employee describes circumstances leading to Plaintiff's discharge. Plaintiff, as shop steward, intervened in a disagreement between the statement's author and his supervisor. Even though there was no argument or fight between Plaintiff and the supervisor, the incident was used by the supervisor to discharge Plaintiff out of "hatred." The letter adds that the supervisor "hated" Plaintiff and people from countries other than her own. According to Plaintiff, the supervisor told Plaintiff that she is a "stupid" shop steward and that workers "do not need to listen to [Plaintiff] because no Hispanic should be given attention to." The supervisor made it her "duty to get rid of the Hispanics," and Plaintiff was one among others who were "replaced with a person of [the supervisor's] preference." The supervisor also took bonuses from Hispanic employees, and they were "only given to people of [the supervisor's] race."

While working at the property, Plaintiff witnessed her supervisor "give preference to the people of her race and belittle the Hispanics at the workplace" in other ways. All employees were required to be in uniform, but this rule was enforced only with Hispanic employees, including Plaintiff. If Plaintiff did not have her uniform, then she would not be allowed to punch in for work. Her supervisor also provided breaks and refreshments to those of her own race, while the "Hispanics were left working." Plaintiff was also required to kneel to clean areas that

did not require a person to be kneeling.  When Plaintiff asked why, her supervisor responded, "That's what I have YOUR people for, not mine."

Two additional letters attached to the Complaint describe similar allegations: (i) an undated letter signed by another employee of SL Green and (ii) a June 12, 2018, letter by three additional employees.  The undated letter describes that the employee was forced to "get down on [her] knees to do things that are not even in [her] job title," was told that she was the subject of complaints though there were none, and was fired by the supervisor.  The letter states that the employee was "not the only one [the supervisor] would be after, basically it was all the Hispanics."  The June 12, 2018, letter alleges that Hispanics are micromanaged and harassed, as the supervisors add work that is not within the job responsibilities and are "unfair" with overtime and bonuses.

Though Plaintiff's form Complaint does not indicate she is bringing discrimination claims based on sex, the attachments include allegations potentially related to sexual harassment.  The June 12, 2018, letter states that, "Brian [another supervisor] sexually harass[es] women."  The undated letter alleges that the employee witnessed Brian "put his hand inside [Plaintiff's] uniform dress pocket."  A form attached to the Complaint also includes this allegation, adding that Brian "took revenge" on Plaintiff for not entertaining his jokes and associating with him, and also that Brian flirts with employees.

Plaintiff filed a charge with the National Labor Relations Board ("NLRB") alleging violations of the National Labor Relations Act ("NLRA").  An arbitration was held regarding Plaintiff's grievances, including those alleged NLRA violations and her claim that her discharge violated the collective bargaining agreement.  The arbitrator found no NLRA violation and that Plaintiff's discharge was for "just cause."  An administrative law judge, reviewing the NLRB

charge, decided that the NLRB should defer to the arbitration award. This decision was adopted by the NLRB. Plaintiff moved to reconsider the NLRB decision in the Second Circuit, which was denied.

## II.     STANDARD

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge[]" claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. On a Rule 12(b)(6) motion, "all factual allegations in the complaint are accepted as true and all inferences are drawn in the plaintiff's favor." *Apotex Inc. v. Acorda Therapeutics, Inc.*, 823 F.3d 51, 59 (2d Cir. 2016) (internal quotation marks omitted). This standard remains the same even where, as here, the motions to dismiss are unopposed, because a court is to "assume the truth of a pleading's factual allegations and test only its legal sufficiency," and "the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." *McCall v. Pataki*, 232 F.3d 321, 323-24 (2d Cir. 2000) (internal citation omitted); *accord Davis v. Willheim*, No. 17 Civ. 5793, 2020 WL 1903982, at *5 (S.D.N.Y. Apr. 17, 2020).

Courts must "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (internal quotation marks omitted). "We afford a pro se

litigant 'special solicitude' by interpreting a complaint filed pro se 'to raise the strongest claims that it suggests.'" *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018).

## III. DISCUSSION

Liberally construing the pro se Complaint, Plaintiff brings against SL Green claims of harassment and hostile work environment based on race and sex in violation of Title VII, 42 U.S.C. § 1981, the NYSHRL and the NYCHRL; and brings against Defendant Union claims based on a breach of the duty of fair representation, and violations of Title VII, 42 U.S.C. § 1981, the NYSHRL and the NYCHRL. All claims are dismissed except the § 1981 race discrimination claim against SL Green.

### A. Claims Against SL Green

#### 1. Title VII Claims

##### a. Title VII Race Discrimination

Plaintiff's Title VII claim based on race discrimination is dismissed as untimely. "Before an aggrieved party can assert a Title VII claim in federal court, [s]he is generally required to exhaust the administrative remedies provided by the statute." *Duplan v. City of New York*, 888 F.3d 612, 621 (2d Cir. 2018). Title VII requires a plaintiff to file a claim with the U.S. Equal Employment Opportunity Commission ("EEOC") within 300 days of an alleged adverse action, *see* 42 U.S.C. § 2000e-5(e)(1), and to file an action in federal court within 90 days of receiving an EEOC right-to-sue letter, *id.* § 2000e-5(f)(1). The burden of pleading and proving failure to exhaust administrative remedies pursuant to Title VII "lies with the defendants and operates as an affirmative defense." *See Hardaway*, 879 F.3d at 491. Defendants bear the burden of proving a failure to exhaust, and a court will not usually dismiss a claim for untimely filing unless it is apparent from the face of the complaint. *See Barrett v. Forest Lab'ys., Inc.*, 39 F. Supp. 3d 407,

456 (S.D.N.Y. 2014) (collecting cases). "[I]f nonexhaustion is clear from the face of the complaint (and incorporated documents), a motion to dismiss pursuant to Rule 12(b)(6) for failure to exhaust should be granted." *Gomez v. N.Y.C. Police Dept.*, 191 F. Supp. 3d 293, 299 (S.D.N.Y. 2016).

Plaintiff's EEOC charge, filed on or about January 11, 2016, alleges that SL Green discriminated against her based on her national origin and that she was disciplined, terminated and denied a bonus. Plaintiff's right-to-sue letter is dated May 19, 2016. Plaintiff did not file this action until August 29, 2019. Plaintiff's form Complaint does not indicate when Plaintiff received the notice letter; however, the general rule is that notice by a government agency is assumed to have been mailed on the date shown on the notice and received three days after its mailing. *See Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525 (2d Cir. 1996); *accord Flora Ko v. JP Morgan Chase Bank, N.A.*, No. 16 Civ. 7707, 2017 WL 3610586, at *3 (S.D.N.Y. July 31, 2017), *aff'd sub nom. Ko v. JP Morgan Chase Bank, N.A.*, 730 F. App'x 62 (2d Cir. 2018). Assuming that Plaintiff received notice on May 22, 2016, the Title VII claims against SL Green are untimely and therefore dismissed. However, the claims are not dismissed with prejudice, as Plaintiff has not alleged whether or when she received the right-to-sue letter or facts that would support a legal argument that the filing is timely, for example, that she acted diligently and extraordinary circumstances prevented her from filing a timely Complaint, thus supporting an argument for equitable tolling.

### b. Title VII Sex Discrimination

Since the Complaint does not allege that Plaintiff was subject to any specific gender-based adverse employment action or that benefits in the workplace were conditioned on submission to sexual advances, the allegations in the Complaint appear to assert sexual

harassment as a hostile work environment claim.  Sex discrimination is not actionable under § 1981.  *See Anderson v. Conboy*, 156 F.3d 167, 170 (2d Cir. 1998) (citing *Runyon v. McCrary*, 427 U.S. 160, 167 (1976)); *accord Sanderson v. Leg Apparel LLC*, No. 19 Civ. 8423, 2020 WL 3100256, at *4 n.3 (S.D.N.Y. June 11, 2020).  Accordingly, the Court considers whether the Complaint adequately alleges a sex discrimination claim based on a hostile work environment theory under Title VII.  *See Meritor Savs. Bank, FSB v. Vinson*, 477 U.S. 57, 73 (1986) (Title VII prohibits sexual harassment in the form of hostile work environment); *accord Zarda v. Altitude Express, Inc.*, 883 F.3d 100, 114 (2d Cir. 2018), *aff'd sub nom. Bostock v. Clayton Cnty., Georgia*, 140 S. Ct. 1731 (2020) ("[T]he Supreme Court and lower courts 'uniformly' recognize sexual harassment claims as a violation of Title VII.").

As a preliminary matter, Plaintiff's Title VII claim based on sex discrimination cannot be ruled out as untimely from the face of the Complaint or incorporated documents.  The Complaint does not attach any EEOC charge reflecting her allegations that she was sexually harassed.  The Complaint also does not plead the dates on which she filed any such charge or received any right-to-sue letter.  As a result, it is not clear from the face of the Complaint or any incorporated documents that such claim should be dismissed as untimely.  However, the claim is dismissed as insufficiently pleaded.

To state a hostile work environment claim, the Complaint must plausibly allege that her "workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."  *Littlejohn v. City of New York*, 795 F.3d 297, 320-21 (2d Cir. 2015) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)); *accord Agosto v. N.Y.C. Dep't of Educ.*, 982 F.3d 86, 101 (2d Cir. 2020).  "This test has objective and subjective elements: the

misconduct shown must be 'severe or pervasive enough to create an objectively hostile or abusive work environment,' and the victim must also subjectively perceive that environment to be abusive." *Agosto*, 982 F.3d at 101-02 (quoting *Alfano v. Costello*, 294 F.3d 365, 374 (2d Cir. 2002)). Generally, incidents of harassment "must be more than episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive." *Id.* at 102 (quoting *Alfano*, 294 F.3d at 374). "Isolated acts, unless very serious, do not meet the threshold of severity or pervasiveness." *Alfano*, 294 F.3d at 374. However, "a single act can meet the threshold if, by itself, it can and does work a transformation of the plaintiff's workplace." *Id.* Furthermore, the Complaint "must demonstrate that the conduct occurred because of" her sex and that a "specific basis exists for imputing the conduct that created the hostile environment to the employer." *Agosto*, 982 F.3d at 102.

The claim is insufficiently pleaded because the allegations of harassment that could be construed as based on sex do not demonstrate that the "workplace [was] permeated with discriminatory intimidation, ridicule, and insult." *Littlejohn*, 795 F.3d at 320-21. The Complaint alleges that one supervisor sexually harassed and flirted with employees, that this supervisor "took revenge" on Plaintiff since she did not entertain his jokes or associate with him, and that he once put his hand in Plaintiff's pocket. Without additional details as to frequency and how the supervisor "sexually harassed" or "took revenge" on Plaintiff, these allegations are also too vague to suggest that the alleged conduct was consistent rather than sporadic, and "unreasonably interfered" with Plaintiff's work performance. *See id.* Accordingly, the claim is dismissed.

### 2. Section 1981 Race Discrimination Claim

SL Green moves to dismiss Plaintiff's employment race discrimination claim brought under 42 U.S.C. § 1981. Section 1981 provides that "[a]ll persons within the jurisdiction of the

United States shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens . . . ." 42 U.S.C. § 1981(a). This section "outlaws discrimination with respect to the enjoyment of benefits, privileges, terms, and conditions of a contractual relationship, such as employment." *Patterson v. Cnty. of Oneida, N.Y.*, 375 F.3d 206, 224 (2d Cir. 2004); *accord Rubert v. King*, No. 19 Civ. 2781, 2020 WL 5751513, at *6 (S.D.N.Y. Sept. 25, 2020). Section 1981 does not itself "specifically authorize[] private lawsuits to enforce" its prohibitions; however, the Supreme Court has "created a judicially implied private right of action." *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 140 S. Ct. 1009, 1015 (2020). This claim has a statute of limitations period of four years, *see Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382-83 (2004); *accord Maynard v. Montefiore Medical Ctr.*, No. 18 Civ. 8877, 2021 WL 396700, at *9 (S.D.N.Y. Feb. 4, 2021), and cannot be ruled out as untimely from the face of the Complaint or incorporated documents. The Complaint adequately pleads a § 1981 claim.

### a. Discriminatory Treatment

At the pleading stage, an employment discrimination claim "requires a plaintiff asserting a discrimination claim to allege two elements: (1) the employer discriminated against [her] (2) because of [her] race, color, religion, sex, or national origin." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 85 (2d Cir. 2015); *accord Khanna v. MUFG Union Bank, N.A.*, 785 F. App'x 15 (2d Cir. 2019) (summary order) ("The substantive standards applicable to claims of employment discrimination under Title VII, [ ] are also generally applicable to claims of employment discrimination brought under § 1981." (citation omitted)). A § 1981 claim may allege that discrimination occurred in the form of discrete adverse employment actions. *See Patterson*, 375 F.3d at 224; *accord Rubert*, 2020 WL 5751513, at *6. "To prevail, a [§ 1981] plaintiff must initially plead and ultimately prove that, but for race, [she] would not have

9

suffered loss of [her] legally protected right[s]." *Comcast*, 140 S. Ct. at 1019. Accordingly, for a § 1981 claim to survive a motion to dismiss, the Complaint must plausibly allege that "the plaintiff is a member of a protected class, was qualified, [and] suffered an adverse employment action," and also allege facts allowing an inference of intent to discriminate on the basis of race. *See Littlejohn*, 795 F.3d at 311; *accord Calvelos v. City of New York*, No. 19 Civ. 6629, 2020 WL 3414886, at *9 (S.D.N.Y. June 22, 2020) (explaining what must be pleaded in support of a § 1981 claim in light of *Comcast*).

The Complaint alleges that Plaintiff is Hispanic. "[T]he existence of a Hispanic 'race' has long been settled with respect to § 1981." *See Vill. of Freeport v. Barrella*, 814 F.3d 594, 604 (2d Cir. 2016). The Complaint also alleges that Plaintiff's employer, SL Green discriminated against her because she is Hispanic and would not have done so but for her race. Plaintiff and other Hispanic employees were fired and denied bonuses, while other, non-Hispanic employees were not. *See Littlejohn*, 795 F.3d at 312-13 ("[A]n inference of discrimination . . . arises when an employer replaces a terminated or demoted employee with an individual outside the employee's protected class."). The Complaint also alleges that Plaintiff's supervisor fabricated the circumstances of the incident leading to her discharge and told Plaintiff that workers "do not need to listen to her because no Hispanic should be given attention to." *See id.* at 312 (inference of discrimination can arise from circumstances including "the sequence of events leading to the plaintiff's discharge"). The supervisor's race-based motive is buttressed by an allegation that another individual similarly was discharged for being Hispanic when there was no reason for her to be fired. The Complaint's other allegations provide "relevant background evidence." *See Vega*, 801 F.3d at 88. Plaintiff alleges that when she asked why she was required to kneel to clean areas that did not require a person to be kneeling, her supervisor responded,

10

"That's what I have YOUR people for, not mine." These allegations together are sufficient to plead that, but for her race, Plaintiff would not have been discharged or denied bonuses. Additionally, SL Green does not dispute that termination and denial of bonuses can qualify as adverse employment actions. *See Davis v. N.Y.C. Dep't of Educ.*, 804 F.3d 231, 236 (2d Cir. 2015); *see also Sanders v. N.Y.C. Hum. Res. Admin.*, 361 F.3d 749, 755 (2d Cir. 2004). The Complaint thus states a viable § 1981 race discrimination claim.

SL Green argues that the principles of res judicata and collateral estoppel based on the prior arbitration and administrative proceedings preclude Plaintiff from alleging that SL Green's decisions to discipline, suspend and terminate Plaintiff were based on just cause and not for any other reason. This argument is incorrect as these doctrines are inapplicable here. Res judicata bars litigation if, among other requirements, "the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Soules v. Conn., Dep't of Emergency Servs. and Pub. Prot.*, 882 F.3d 52, 55 (2d Cir. 2018). "The burden is on the party seeking to invoke res judicata to prove that the doctrine bars the second action." *Brown Media Corp. v. K&L Gates*, LLP, 854 F.3d 150, 157 (2d Cir. 2017). Issue preclusion, or collateral estoppel, requires, among other elements, that "the identical issue was raised in a previous proceeding" and that the "resolution of the issue was necessary to support a valid and final judgment on the merits." *See Ball v. A.O. Smith Corp.*, 451 F.3d 66, 69 (2d Cir. 2006). "[T]he party asserting [issue] preclusion bears the burden of showing with clarity and certainty what was determined by the prior judgment," and "[i]ssue preclusion will apply only if it is quite clear that this requirement has been met." *Postlewaite v. McGraw-Hill, Inc.*, 333 F.3d 42, 49 (2d Cir. 2003).

The proceedings are addressed in turn. The arbitration proceeding and its determination that plaintiff was fired for just cause are not entitled to preclusive effect in this action brought

pursuant to § 1981.  The arbitrator's finding as to "just cause" was not appealed and confirmed by any court.  The arbitral finding is therefore not entitled to preclusive effect for similar reasons as those relied upon by the Supreme Court when it declined to give preclusive effect to claims brought under 42 U.S.C. § 1983 because of an arbitrator's prior decision.  *See McDonald v. City of West Branch*, 466 U.S. 284, 292 (1984) ("[I]n a § 1983 action, an arbitration proceeding cannot provide an adequate substitute for a judicial trial."); *accord Williams v. Perry*, No. 00–7366, 2000 WL 1506086, at *2 (2d Cir. Oct. 6, 2000) (summary order).

SL Green also has not met its burden of showing that preclusion should apply to the NLRB proceeding.  The Complaint before the NLRB related to whether Plaintiff's discharge violated the NLRA, an issue that also was arbitrated.  Plaintiff's instant allegations relate to whether SL Green's decisions to discharge and deny bonuses were racially discriminatory in violation of § 1981.  In the NLRB proceeding, Plaintiff did not include allegations that her discharge was motivated by race or national origin.  SL Green has neither established that the instant issue is "identical" to issues before the administrative law judge nor that resolution of this issue was necessary in the NLRB proceeding.  SL Green also has not established that this issue could have been brought in the administrative proceeding for the purpose of res judicata.  SL Green's cited cases are inapt because they address the application of res judicata based on prior court actions.  *Cf. Woods v. Dunlop Tire Corp.*, 972 F.2d 36, 38-39 (2d Cir. 1992) (holding that the plaintiff's Title VII claim and prior Labor Management Relations Act brought in federal court arose from the same transaction for purposes of res judicata); *Natta v. Columbia Univ. Coll. of Physicians & Surgeons*, No. 91 Civ. 7437, 1992 WL 80760, at *3 (S.D.N.Y. Apr. 3, 1992) (the plaintiff "could have asserted his Title VII claims in [the prior action], but chose not

to).  Accordingly, SL Green has not met its burden of proving its defenses of res judicata or collateral estoppel.

SL Green's additional argument that Plaintiff's termination may have been motivated by reasons other than race cannot be considered at this stage of the proceedings because those other reasons are not alleged in the Complaint.  *See Hicks v. IBM*, 44 F. Supp. 2d 593, 598 (S.D.N.Y. 1999) ("A complaint that identifies other possible motives, combined with a lack of specific factual support of racial animus, contradicts a claim of racial discrimination.").

### b. Hostile Work Environment

Plaintiff's form Complaint indicates that she is alleging a hostile work environment, a separate theory of unlawful discrimination.  *See Feingold v. New York*, 366 F.3d 138, 149 (2d Cir. 2004).  The Complaint fails to plead sufficiently a § 1981 race discrimination claim based on hostile work environment.

Section 1981 has "been interpreted to provide a cause of action for race-based employment discrimination based on a hostile work environment."  *Littlejohn*, 795 F.3d at 320 (quotation and brackets omitted).  "Cases interpreting hostile work environment claims under [Title VII and § 1981] are generally cited interchangeably."  *Lamarr-Arruz v. CVS Pharmacy, Inc.*, 271 F. Supp. 3d 646, 655 n.6 (S.D.N.Y. 2017).  To prevail on a § 1981 claim based on a hostile work environment theory, a plaintiff also must show "a specific basis . . . for imputing the conduct that created the hostile environment to the employer."  *Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 72 (2d Cir. 2000); *Abdelal v. Kelly*, No. 13 Civ. 04341, 2020 WL 1528476, at *9 (S.D.N.Y. Mar. 30, 2020).  Here, because the Complaint alleges conduct by her supervisors, strict vicarious liability applies.  *See Wiercinski v. Mangia 57, Inc.*, 787 F.3d 106,

113 (2d Cir. 2015); *accord Garcia v. NYC Health & Hosps. Corp.*, No. 19 Civ. 997, 2019 WL 6878729, at *6 (S.D.N.Y. Dec. 17, 2019).

Liberally construed, the Complaint alleges several ways that Hispanic employees were treated differently in the workplace by the supervisors. For example, Plaintiff was not allowed to punch in for work without her uniform on, which was a rule that was enforced with Hispanic employees only; her supervisor required her to kneel to clean areas that did not require a person to be kneeling, explaining that is what Plaintiff's "people are for"; and her supervisor generally belittled the Hispanics at her workplace, including Plaintiff. However, these allegations provide no details on the duration and frequency of this conduct. *See Rivera v. Rochester Genesee Reg'l Trans. Auth.*, 743 F.3d 11, 20 (2d Cir. 2012) (relevant considerations include the frequency of the discriminatory conduct and whether it unreasonably interferes with an employee's work performance). Accordingly, the Complaint fails to allege facts that show these incidents were more than "episodic" events that occurred during Plaintiff's career. *See, e.g.*, *Cowan v. City of Mount Vernon*, No. 14 Civ. 8871, 2017 WL 1169667, at *5 (S.D.N.Y. Mar. 28, 2017) (dismissing hostile work environment claim because the complaint failed to allege "how many comments [about plaintiff's body] or requests were made and when, or what was said. Such amorphous allegations are insufficient."). None of the alleged acts are sufficiently severe so that duration and frequency of the conduct is irrelevant. *See Mathirampuzha v. Potter*, 548 F.3d 70, 78-79 (2d Cir. 2008) (a "single incident of rape" is an example of a single event that can support hostile work environment claim). Accordingly, the motion to dismiss Plaintiff's § 1981 claim based on a hostile work environment is granted.

### c. Timeliness of NYSHRL and NYCHRL Claims

All NYSHRL and NYCHRL claims against SL Green are dismissed as untimely. "Although the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Thea v. Kleinhandler*, 807 F.3d 492, 501 (2d Cir. 2015); *accord Ferrarini v. Irgit*, No. 19 Civ. 0096, 2020 WL 122987, at *2 (S.D.N.Y. Jan. 9, 2020). Claims alleging violations of NYSHRL and NYCHRL are subject to a three-year statute of limitations. *See* N.Y. C.P.L.R. § 214(2); N.Y.C. Admin. Code § 8-502(d). Because Plaintiff filed the action on August 21, 2019, the claims must relate to events that occurred after August 2016. The Complaint provides that Plaintiff was terminated in November 2015, and based on the face of the Complaint, all alleged acts occurred during her time of employment, *i.e.*, before November 2015. Accordingly, the NYSHRL and NYCHRL claims are dismissed as untimely.

### B.     Claims Against the Union

The Court construes the Complaint as asserting the following federal law claims against the Union: breach of the duty of fair representation and violations of Title VII and § 1981. The Complaint is also construed as asserting state law claims in violation of the NYSHRL and NYCHRL. The Complaint fails to state viable federal claims, and the Court declines to exercise supplemental jurisdiction over the state law claims.

#### 1. Federal Claims

"Under federal common law, unions owe their members a duty of fair representation, which derives 'from the union's statutory role as exclusive bargaining agent.'" *Dillard v. SEIU Local 32BJ*, No. 15 Civ. 4132, 2015 WL 6913944, at *4 (S.D.N.Y. Nov. 6, 2015) (quoting *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 74 (1991)). A union breaches its duty of fair

representation if its actions with respect to a member are arbitrary, discriminatory, or taken in bad faith.  *See Fowlkes v. Ironworkers Loc. 40*, 790 F.3d 378, 387-88 (2d Cir. 2015) (citing *Air Line Pilots Ass'n, Int'l*, 499 U.S. at 67).  "[W]here a plaintiff claims that a union violated Title VII based on its failure to represent a member, courts in this Circuit generally incorporate the duty of fair representation as one of the elements of the alleged Title VII violation." *Beachum v. AWISCO N.Y.*, 785 F. Supp. 2d 84, 103 (S.D.N.Y. 2011), *aff'd sub nom. Beachum v. AWISCO N.Y. Corp.*, 459 F. App'x 58 (2d Cir. 2012) (alteration in original).  "This requirement also applies to cases under Section 1981."  *Id.*  "Title VII [and § 1981] claims against labor organizations are subject to an analysis different from that applicable to Title VII claims against employers."  *Id.*

The Title VII and § 1981 claims against the Union fail because the Complaint does not plausibly allege a breach of the duty of fair representation.[1]  The few allegations that potentially relate to the Union generally aver that it did not offer the "right assistance," and that Plaintiff was denied a "chance to a fair trial," as at the last "trial," she was denied the opportunity to have testifying witnesses. These facts do not support a plausible breach of the duty of fair representation, as they do not allege any particular act by the Union or that those acts were arbitrary, discriminatory or in bad faith.  The Complaint also does not support any discrimination

---

[1] Defendant Union's argument that any Title VII claim has not been exhausted is not clear from the face of the Complaint.  Plaintiff marked on the form Complaint that she filed an EEOC charge but did not attach any charge.  The EEOC charge provided by SL Green, which was incorporated by reference, is against Plaintiff's employers only.  To survive a motion to dismiss, a Complaint is not required to plead facts negating possible affirmative defenses, such as the Plaintiff's failure to exhaust remedies.  *See Perry v. Merit Sys. Prot. Bd.*, 137 S. Ct. 1975, 1986 n.9 (2017) ("In civil litigation, a release is an affirmative defense to a plaintiff's claim for relief, not something the plaintiff must anticipate and negate in her pleading.").

claim because there are no allegations that Defendant Union was motivated by racial animus. Accordingly, Plaintiff's federal claims against the Union are dismissed.

### 2. State Claims

The Court declines to exercise supplemental jurisdiction over the state claims against the Union. Without diversity jurisdiction pursuant to 18 U.S.C. § 1332, a court may exercise supplemental jurisdiction over claims pursuant to state and local laws only if they "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *See* 28 U.S.C. § 1367(a). "[D]isputes are part of the same case or controversy within § 1367 when they derive from a common nucleus of operative fact." *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 335 (2d Cir. 2006). Here, the state law claims are asserted against a different defendant than the defendant of the surviving § 1981 claim and are factually distinct claims arising out of different events. Accordingly, the state law claims against the Union are dismissed. *See Meyer v. State of N.Y. Off. of Mental Health*, 174 F. Supp. 3d 673, 695 n.32 (E.D.N.Y. 2016), *aff'd sub nom. Meyer v. N.Y. State Off. of Mental Health*, 679 F. App'x 89 (2d Cir. 2017) (declining to exercise supplemental jurisdiction over state claims when asserted against a different defendant and involve an unrelated claim of discrimination).

### C. Leave to Replead

Leave to amend a complaint should be freely given "when justice so requires." Fed R. Civ. P. 15(a)(2). If Plaintiff has additional facts that she believes would sustain any of the dismissed claims consistent with this Opinion, Plaintiff may file a letter asking to replead and attach a proposed amended complaint, but she must do so by March 4, 2021. For example, if Plaintiff seeks to replead her race or sex discrimination claim based on a hostile work

environment, she should provide further details describing the acts, including dates and the number of times they occurred. Should Plaintiff seek to replead the Title VII claim against the Union or the Title VII claim based on sexual harassment, she should also allege facts regarding the dates on which she filed a charge with the EEOC regarding those claims and received a right-to-sue letter, and/or provide any legal arguments that would support that the Complaint is timely. If Plaintiff does not timely file any letter, Defendant Union will be dismissed.

## IV. CONCLUSION

For the foregoing reasons, SL Green's motion to dismiss is GRANTED in part and DENIED in part, and the Union's motion to dismiss is GRANTED. All claims are dismissed except the § 1981 race discrimination claim against SL Green. Plaintiff may seek to replead as stated above.

Plaintiff is advised that, in light of the current global health crisis, parties proceeding pro se are encouraged to email all filings to Temporary_Pro_Se_Filing@nysd.uscourts.gov. Pro se parties also are encouraged to consent to receive all court documents electronically. A consent to electronic service form is available on the Court's website at nysd.uscourts.gov. Pro se parties who are unable to use email may submit documents by regular mail or in person at the drop box located at the U.S. Courthouses in Manhattan (500 Pearl Street) and White Plains (300 Quarropas Street). For more information, including instructions on this email service for pro se parties, please visit the Court's website.

The Clerk of Court is respectfully directed to close the motion at Docket Nos. 50 and 56, and to mail a copy of this Opinion and Order to pro se Plaintiff.

Dated: February 11, 2021
      New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE