UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PAULA BELL,                                              :
                 Plaintiff,              :
                                                         :      19 Civ. 8153 (LGS)
       -against-                                       :
                                                         :      OPINION AND ORDER
SL GREEN REALTY CORP., et al.,                           :
                 Defendant.              :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

    Plaintiff Paula Bell, proceeding pro se, is a former employee of Defendant SL Green Realty Corp. ("SL Green"). The Complaint was liberally construed to allege race and sex discrimination under city, state and federal law. After Defendants' motion to dismiss, the remaining claim is a § 1981 race discrimination claim against SL Green for Plaintiff's termination and denial of her year-end bonus. *See* 42 U.S.C. § 1981. SL Green moves for summary judgment on the remaining claim. For the reasons below, the motion is granted in part and denied in part. Plaintiff's § 1981 race discrimination claim for her termination remains.

    **I.    BACKGROUND**

    The following facts are taken from Defendant's Rule 56.1 statements and other submissions on this motion. The facts are either undisputed or based on evidence in the record drawing all reasonable inferences in favor of the non-moving party, Plaintiff. Familiarity with the background facts is assumed.

    Plaintiff was employed by SL Green from March 2005 to November 17, 2015, as a light duty cleaner at 420 Lexington Avenue. Senada Cekaj (the "Manager") served as Plaintiff's direct supervisor from September 2012 until Plaintiff's termination. Plaintiff was also the Local 32BJ union representative. Between October 2013 and November 2015, Plaintiff was issued seven employee warning notices and two suspensions without pay. The warnings and

suspensions pertained to, among other things, Plaintiff's work performance, tardiness and insubordination in the course of her disputes with the Manager surrounding the uniform policy and cleaning protocol.

On one occasion, Plaintiff's colleague had informed his supervisor that he was having health issues, possibly because of the cleaning products. When the colleague was invited to discuss the matter with the Manager, Plaintiff also attended the meeting in her capacity as the union representative. During that discussion, the colleague and Plaintiff became argumentative and confrontational with the Manager. Following this event, Plaintiff was suspended for encouraging the colleague "to act with animosity towards his supervisor" and for openly "question[ing] her supervisor as to her qualifications and job responsibilities." Based on the review of this incident, other witness statements and Plaintiff's disciplinary history, Defendant terminated Plaintiff from her job.

The following facts are disputed. Plaintiff testified to various forms of discriminatory treatment by her direct supervisor, the Manager. She testified in her deposition that the Manager enforced the uniform policy only against Hispanic employees and allowed Caucasian employees to clock-in without uniforms and take longer breaks. She also testified that the Manager made at least two racist statements. The Manager once directed Plaintiff to kneel down on the floor to clean the legs of a chair and table, and when asked why Plaintiff had to kneel, the manager said: "That's what I have YOUR people for, not mine." On another occasion, the Manager stated at a May 10, 2013, Mother's Day luncheon that maintenance workers should not listen to Plaintiff because "no Hispanics should be given attention to." The Manager denies making these statements.

## II.     LEGAL STANDARD

Summary judgment is appropriate where the record establishes that "there is no genuine dispute as to any material fact and that movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for a nonmoving party." *Frost v. N.Y.C. Police Dep't*, 980 F.3d 231, 242 (2d Cir. 2020) (quoting *SCR Joint Venture L.P. v. Warshawsky,* 559 F.3d 133, 137 (2d Cir. 2009)).

When a party appears pro se, a court must construe "the submissions of a pro se litigant . . . liberally and interpret[ ] [them] to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks omitted) (collecting cases); *accord Turner v. Naphcare*, No. 19 Civ. 412, 2020 WL 8988671, at *1 (S.D.N.Y. May 13, 2020). Despite the solicitude given to pro se plaintiffs, "the Second Circuit Court of Appeals has made clear that 'pro se litigants generally are required to inform themselves regarding procedural rules and to comply with them.'" *Azkour v. Haouzi*, No. 11 Civ. 5780, 2012 WL 3561071, at *1 (S.D.N.Y. Aug. 17, 2012) (quoting *Edwards v. INS*, 59 F.3d 5, 8 (2d Cir. 1995)); *accord Turner*, 2020 WL 8988671, at *1.

Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens . . . ." 42 U.S.C. § 1981(a). This section "outlaws discrimination with respect to the enjoyment of benefits, privileges, terms, and conditions of a contractual relationship, such as employment." *Patterson v. County of Oneida*, 375 F.3d 206, 224 (2d Cir. 2004); *accord Rubert v. King*, No. 19 Civ. 2781, 2020 WL 5751513, at *6 (S.D.N.Y. Sept. 25, 2020). "Section 1981 claims apply only to racial discrimination and require that the plaintiff 'allege facts supporting the following elements: (1) plaintiff[ ] [is a] member[ ] of a racial minority; (2) defendant[']s intent to

discriminate on the basis of race; and (3) discrimination concerning one of the statute's enumerated activities,' which 'include the rights 'to make and enforce contracts . . . .'" *Gueye v. People's United Bank, Nat'l Ass'n*, No. 21 Civ. 1250, 2022 WL 2203953, at *1 n.1 (2d Cir. June 21, 2022) (quoting *Brown v. City of Oneonta*, 221 F.3d 329, 339 (2d Cir. 2000)). "[A] plaintiff must initially plead and ultimately prove that, but for race, [he] would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of African American-Owned Media*, 140 S. Ct. 1009, 1019 (2020); *accord Felder v. United States Tennis Ass'n*, 27 F.4th 834, 848 (2d Cir. 2022). A § 1981 claim may allege that discrimination occurred in the form of discrete adverse employment actions. *See Patterson*, 375 F.3d at 224; *accord Rubert*, 2020 WL 5751513, at *6. Section 1981 does not itself "specifically authorize[] private lawsuits to enforce" its prohibitions; however, the Supreme Court has "created a judicially implied private right of action." *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 140 S. Ct. 1009, 1015 (2020).

Section 1981 claims are governed at the summary judgment stage by the burden-shifting analysis first established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). *Gueye*, 2022 WL 2203953, at *1. Under the *McDonnel Douglas* framework, the plaintiff alleging discrimination bears the burden of establishing a prima facie case of discrimination by showing "(1) she belonged to a protected class; (2) [she] was qualified; (3) [she] suffered an adverse employment action; and (4) [that] the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent." *Id.* (citing *Tolbert v. Smith*, 790 F.3d 427, 435 (2d Cir. 2015)). "Once a plaintiff has established a *prima facie* case, a presumption arises that more likely than not the adverse conduct was based on the consideration of impermissible factors." *Vega*, 801 F.3d at 83 (citation omitted). "The burden then shifts to

the employer to 'articulate some legitimate, nondiscriminatory reason' for the disparate treatment." *Id.* (quoting *McDonnell Douglas,* 411 U.S. at 802). "If the employer articulates such a reason for its actions, the burden shifts back to the plaintiff to prove that the employer's reason 'was in fact pretext' for discrimination." *Id.* (quoting *McDonnell Douglas,* 411 U.S. at 804).

### III. DISCUSSION

Defendant's motion for summary judgment is denied. Construing the evidence in the light most favorable to Plaintiff, a reasonable jury could find that discrimination was the but for cause of Plaintiff's termination.

#### a. *McDonnell* Burden Shifting Analysis for Allegedly Discriminatory Termination

At the first step of the *McDonnell Douglas* analysis, the record evidence supports a prima facie case of discrimination. "The plaintiff's burden of establishing a *prima facie* case in a discrimination suit is *de minimis*." *Green v. Town of E. Haven*, No. 18 Civ. 143, 2020 WL 1146687, at *8 (2d Cir. Mar. 10, 2020) (internal quotation marks and alteration omitted).

It is undisputed that Plaintiff is Hispanic and therefore a member of a racial minority for purposes of § 1981. *See Vill. of Freeport v. Barrella*, 814 F.3d 594, 604 (2d Cir. 2016). Defendant does not argue that Plaintiff was not qualified for the position, which Plaintiff held for at least seven years until the Manager began supervising Plaintiff. It is also undisputed that she was terminated, which constitutes an adverse employment action. *See Vega*, 801 F.3d at 79.

The record evidence supports a prima facie case that Plaintiff's termination occurred under circumstances giving rise to an inference of discriminatory intent. Plaintiff testified to various forms of discriminatory treatment by the Manager, who was her direct supervisor. She testified in her deposition that the Manager enforced the uniform and clock-in policy more

5

strictly against Hispanic employees compared to her Caucasian colleagues. Plaintiff also testified that, when asked why Plaintiff had to kneel to clean the legs of a chair and a table, the Manager said: "That's what I have YOUR people for, not mine." On another occasion, the Manager stated that "no Hispanics should be given attention to." Drawing reasonable inferences in favor of Plaintiff, including that Plaintiff's supervisor was at least partially responsible for her termination, the evidence is sufficient to support a prima facie inference of discriminatory animus.

Defendant argues that Plaintiff's own allegations and testimony are insufficient to support an inference of discrimination. This assertion is incorrect. "In discrimination cases, the only direct evidence available very often centers on what the defendant allegedly said or did. Since the defendant will rarely admit to having said or done what is alleged, and since third-party witnesses are by no means always available, the issue frequently becomes one of assessing the credibility of the parties. At summary judgment, however, that issue is necessarily resolved in favor of the nonmovant." *Walsh v. N.Y.C. Housing Auth.*, 828 F.3d 70, 80 (2d Cir. 2016) (quoting *Danzer v. Norden Systems, Inc.*, 151 F.3d 50, 57 (2d Cir. 1998)); *see also Yang v. Navigators Grp., Inc.*, 674 F. App'x 13, 14 (2d Cir. 2016) (summary order) (holding that plaintiff's own testimony should not be excluded as self-serving because it is admissible evidence). "There is nothing in [Rule 56] to suggest that nonmovants' affidavits alone cannot -- as a matter of law -- suffice to defend against a motion for summary judgment." *Danzer*, 151 F.3d at 57.

A prima facie case having been established, the burden shifts to SL Green to provide a neutral reason for the termination. SL Green provides such reason. SL Green proffers evidence -- through testimony and other records of warning notice -- that Plaintiff was terminated because

she "failed to follow instructions[,] was excessive[ly] late[], and displayed a blatant disregard for authority, resulting in her being issued at least seven warning notices, two suspensions without pay and, ultimately, termination of her employment."

Because SL has provided a neutral reason, the burden shifts back to Plaintiff to proffer evidence from which a reasonable jury could conclude that Defendant's proffered reason is pretext for discrimination. Viewed in light most favorable to Plaintiff, the evidence as a whole is sufficient to permit a rational fact finder to infer that, had Plaintiff not been Hispanic, she would not have been terminated. *See Rojas v. Roman Cath. Diocese of Rochester*, 660 F.3d 98, 107 (2d Cir. 2011) (citation omitted) ("The court's role in evaluating a summary judgment request is to determine only whether proffered admissible evidence would be sufficient to permit a rational finder of fact to infer a retaliatory motive.").

The record reflects the Manager's animus toward Hispanic people, and toward Plaintiff as a Hispanic person, as evidenced by the Manager's blatantly racist alleged remarks to Plaintiff (which are assumed to be true for the purpose of this motion). Plaintiff had a long history of employment with the employer, and the termination followed alleged discriminatory conduct by the relatively new Manager. Plaintiff was hired to work at 420 Lexington Avenue in March 2005; the Manager became her supervisor in September 2012. Plaintiff was terminated in November 2015, after a series of incidents of "insubordinate behavior," starting in October 2013. A reasonable jury could conclude that reports of Plaintiff's "insubordinate behavior" were exaggerated or that the behavior was provoked by the hostile Manager for discriminatory reasons. As the Second Circuit observed in a case with a "backdrop of continuing antagonism," "[t]hose allegations establish a drumbeat of retaliatory animus from which a plausible inference of causation can be drawn." *Duplan v. City of New York*, 888 F.3d 612, 626 (2d Cir. 2018).

The Second Circuit has "repeatedly expressed the need for caution about granting summary judgment to an employer in a discrimination case where, as here, the merits turn on a dispute as to the employer's intent." *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008); *accord Zeng v. N.Y.C. Housing Auth.*, No. 18 Civ. 12008, 2022 WL 37131 (S.D.N.Y. Jan. 3, 2022); *see also MacMillan v. Millennium Broadway Hotel*, 873 F. Supp. 2d 546, 557 (S.D.N.Y. June 11, 2012) ("The issue of intent in a[n] [employment] discrimination case presents a classic jury question."). At summary judgment, a genuine dispute of material fact "is necessarily resolved in favor of the nonmovant" even if the nonmovant only provides "self-serving" evidence. *Walsh*, 828 F.3d at 80. "It is the finder of fact, not the district court ruling on summary judgment, who must determine the weight and credibility to accord [Plaintiff's] evidence regarding [Defendant's] statement." *Id.* at 80. Defendant's summary judgment of the discrimination claim for Plaintiff's termination is denied.

b. **Summary Judgment and Denial of 2014 Year-end Bonus**

Summary judgment on the § 1981 claim based on denial of Plaintiff's 2014 bonus is granted because the claim is time barred. The length of the limitations period to bring a claim under § 1981 is either four years or three years. *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004) (claims under §1981 are governed by a four-year statute of limitations "if the plaintiff's claim against the defendant was made possible by" an Act of Congress enacted after December 1, 1990). The statute of limitations for §1981 claims alleging discrimination in the workplace is four years. *Id*. at 383 (observing that employment discrimination claims under § 1981 were authorized by statute in 1991); *Mohan v. City of New York*, No. 17 Civ. 3820, 2018 WL 3711821, at *9 (S.D.N.Y. Aug. 3, 2018).

Plaintiff was last eligible for a year-end bonus in December 2014, and this action was filed in August 2019. Even though the limitations period may be tolled from January 11, 2016, to May 22, 2016, while Plaintiff was actively litigating her claim at the EEOC, the claim is still time barred.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is **GRANTED** in part and **DENIED** in part. For clarity, the only remaining claim is Plaintiff's § 1981 claim based on her termination.

A case management conference is scheduled for August 3, 2022, at 4:00 P.M. The parties shall call 888-363-4749 and enter the access code 558-3333.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 121 and to mail a copy of this Opinion and Order to Plaintiff.

Dated: July 19, 2022
       New York, New York

                                            **LORNA G. SCHOFIELD**
                                            **UNITED STATES DISTRICT JUDGE**