UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

PAULA BELL,

                     Plaintiff,

-against-

SL GREEN REALTY CORP., et al.,

                     Defendants.

19 Civ. 8153 (LGS)

ORDER REQUESTING PRO BONO COUNSEL

------------------------------------------------------------

LORNA G. SCHOFIELD, United States District Judge:

On July 19, 2022, the motion for summary judgment filed by Defendant SL Green Realty Corp. ("SL Green" or "Defendant") was granted in part and denied in part, and this case is now trial-ready on Plaintiff's remaining claim. For the following reasons, the Court requests that, if possible, pro bono (unpaid) counsel for Plaintiff be located for purposes of settlement negotiations or for purposes of both settlement negotiations and trial, if a trial is necessary.

**LEGAL STANDARD**

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to request pro bono representation for an indigent litigant. *Id.*; *accord Farmer v. County of Westchester*, 18 Civ. 2691, 2021 WL 5605087, at *1 (S.D.N.Y. Nov. 30, 2021). Even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 301-310 (1989). Moreover, courts do not have funds to pay counsel

1

in civil matters. Courts must therefore grant applications for pro bono counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to request pro bono counsel for an indigent litigant. 802 F.2d at 61-62. "[T]he litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*." *Pearson v. Gesner*, 21 Civ. 5670, 2021 WL 4949221, at *1 (S.D.N.Y. Sept. 20, 2021) (citing *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994). The court must then consider whether the litigant's claim "seems likely to be of substance" -- "a requirement that must be taken seriously." *Hodge*, 802 F.2d at 60-61. If these threshold requirements are met, the court must next consider such factors as:

> [T]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## DISCUSSION

Plaintiff filed a Request to Proceed *in Forma Pauperis* (IFP), which the Court granted. *See* Order dated January 21, 2020, ECF No. 12. Plaintiff's financial status has not changed. Plaintiff therefore qualifies as indigent.

The only remaining claim is Plaintiff's claim for race discrimination in Plaintiff's firing from her employment with Defendant SL Green under 42 U.S.C. § 1981. The Court finds that Plaintiff's claim is "likely to be of substance." *Hodge*, 802 F.2d 61-62. Defendant's motion for summary judgment on that claim has already been denied. Further, assuming all disputed facts in Plaintiff's favor and crediting her deposition testimony, Defendant's alleged pattern of racist remarks and disparate enforcement of employment policies suffices to establish Plaintiff's prima facie case of discrimination and provides evidence that Defendant's justifications are pretextual.

The other *Hodge* factors also weigh in favor of requesting pro bono counsel. Defendant denies that the alleged racist remarks were ever made, so there remain multiple disputes of material fact, in addition to difficult doctrinal questions of discriminatory intent and pretext. As Plaintiff's summary judgment submissions make clear, Plaintiff may have difficulty evaluating the strength of her claims and SL Green's defenses for purposes of settlement negotiations and will likely have difficulty presenting the issues at trial. In sum, representation would lead to a "quicker and more just result by sharpening the issues and shaping examination," and by facilitating more productive arms-length settlement discussions. *Hodge*, 802 F.2d at 61.

## CONCLUSION

For the foregoing reasons, the Court hereby requests pro bono counsel for purposes of settlement negotiations, or pro bono counsel for purposes of both settlement negotiations and trial, if a trial is necessary. The Court advises Plaintiff that there are no funds to retain counsel in civil cases, and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Plaintiff. If an attorney volunteers, the attorney will contact Plaintiff directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and plaintiff should be prepared to proceed with the case pro se. Of course, if an attorney offers to take the case, it is entirely Plaintiff's decision

whether to retain that attorney or not. If Plaintiff retains an attorney, the Court plans to refer the case to a magistrate judge for a settlement conference. It is hereby

**ORDERED** that Plaintiff shall file any objections to this Order no later than **August 19, 2022**. The conference scheduled for August 17, 2022, is adjourned to a future date to be determined. Defendant shall inform the pro se Plaintiff about this Order by **August 12, 2022**.

The Clerk of Court is directed to mail a copy of this Order to the pro se Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Dated:   August 9, 2022
         New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE